IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEANNETTE SOTO-SANTINI,<br><br>    **Plaintiff,**<br><br>        v.<br><br>BANCO POPULAR DE PUERTO RICO, *et al.*,<br><br>    **Defendants.** | CIVIL NO. 22-1232 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

    On May 19, 2022, Plaintiff Jeannette Soto Santini ("Plaintiff") initiated this action against Banco Popular de Puerto Rico ("Banco Popular"), Duncan Maldonado Ejarque ("Maldonado"), and Ivan Alonso Costa.[1] Docket No. 1. On September 9, 2022, Banco Popular moved to dismiss the action for lack of subject-matter jurisdiction, failure to state a plausible claim, and failure to meet the heightened pleading standard for fraud. Docket No. 15. Maldonado also moved to dismiss the claims against him based on inadequate serve process and failure to state a claim. Docket No. 111. Plaintiff filed several oppositions. Docket Nos. 28; 90; 120; 141; 155; 157. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motions to Dismiss. Moreover, Plaintiff is granted a term of thirty (30) days to submit an amended complaint that meets the minimum pleading requirements as discussed below.

---

[1] The Court shall refer to Banco Popular and Maldonado collectively as Defendants.

CIVIL NO. 22-1232 (JAG)                                                                                              2

## ANALYSIS

I.  **Subject-Matter Jurisdiction**

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action against it for lack of federal subject-matter jurisdiction. *FDIC v. Cabán-Muñiz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence by a preponderance of the evidence. *U.S. ex rel. Ondis v. City of Woonsocket*, 587 F.3d 49, 54 (1st Cir. 2009). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 1 (1st Cir. 1987)); *see Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Acosta-Ramírez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir. 2013).

Defendants posit that Plaintiff has failed to establish the existence of subject-matter jurisdiction because the Complaint does not contain a jurisdictional statement and the criminal statutes mentioned in the Complaint do not confer a private right of action. The Complaint certainly lacks a jurisdictional statement. However, drawing all reasonable inferences in favor of Plaintiff and considering her *pro se* status, the Court finds that the Complaint sufficiently pled the existence of diversity jurisdiction. Plaintiff resides in Virginia and Defendants are citizens of Puerto Rico, and the damages requested meet the jurisdictional amount. *See* Docket No. 1 at 3, 4,

**CIVIL NO.** 22-1232 (JAG)                                                                                                          3

6, 10, 12, 14, 16. Defendants have not contested this. As such, the request to dismiss the Complaint for lack of subject-matter jurisdiction is hereby **DENIED**.

### II.   Failure to State a Claim

Defendants also move to dismiss this case for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to avoid dismissal, the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). The First Circuit has cautioned against confounding the plausibility standard with the likelihood of success on the merits, explaining that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible.") (citations omitted). However, Courts need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Trust Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011).

**CIVIL NO.** 22-1232 (JAG)                                                                                                              4

Here, the Complaint references the following criminal statutes: 18 U.S.C. § 1344, 18 U.S.C. § 1001, and 18 U.S.C. § 1621. Docket No. 1 at 8-9. None of these statutes confer a private right of action. *See Lundgren v. Univ. Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019) ("[I]t is well-settled that criminal statutes do not provide a private cause of action.") (citations omitted); *Ritrovato v. E. Bank*, 2023 WL 3260221, at *1 (D. Mass. May 4, 2023) ("18 U.S.C. § 1344 does not create a cause of action for a private party."); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (holding that 18 U.S.C. § 1001 does not create a private right of action); *Jeannite v. Coyne 5194*, 2023 WL 2711048, at *1 (D. Mass. Mar. 30, 2023) (noting that 18 U.S.C. § 1621 lacks a private right of action); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The Complaint also references 28 U.S.C. § 1746, but this statute "merely makes unsworn statements admissible if they are signed under penalty of perjury, and it does not establish a private right of action against individuals accused of committing perjury." *Jagla v. Lasalle Bank*, 253 F. App'x 597, 599 (7th Cir. 2007) (citations omitted). Accordingly, all claims brought under 18 U.S.C. § 1344, 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 28 U.S.C. § 1746 must be **DISMISSED WITH PREJUDICE**.

Defendants also contend that Plaintiff's fraud claim does not meet the heightened pleading standard in Fed. R. Civ. P 9(b). Docket Nos. 15 at 11-12; 111 at 7. The Court agrees. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Here, the Complaint merely makes conclusory allegations that Defendants defrauded her. It contains no "specification of the time, place and content of an alleged false representation." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985) (citations omitted). "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the

**CIVIL NO.** 22-1232 (JAG)                                                                                                    5

particularity requirement, no matter how many times such accusations are repeated." *Id.* As such, the fraud claim is hereby **DISMISSED WITHOUT PREJUDICE**.

After carefully reviewing Plaintiff's allegations, the Court cannot discern any other claims that could be reasonably inferred from the Complaint. "[P]*ro se* status does not insulate [Plaintiff] from complying with procedural and substantive law" and having to put forth the "requisite supporting facts" to support her claims. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citations omitted). However, because *pro se* filings must be liberally construed, the Court shall grant Plaintiff leave to amend her Complaint to remedy the deficiencies identified in this Order. Failure to comply shall result in dismissal of this case.

### III.  Inadequate Service of Process on Maldonado

Co-Defendant Maldonado also requests dismissal of the claims against him, arguing that Plaintiff failed to timely serve him as required by law. Docket No. 111 at 2, 5-6. Considering Plaintiff's *pro se* status and that Maldonado has received notice of the Complaint, the Court **DENIES** the request as too harsh a sanction.

### CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Defendants' Motions to Dismiss.[2] Plaintiff shall have thirty (30) days to file an amended complaint or the case shall be dismissed. Partial Judgment shall be entered accordingly.

---

[2] Banco Popular also requests an order requiring Plaintiff to obtain prior leave before filing any future lawsuits. Docket No. 15 at 12-14. At this time, the request is **DENIED**.

**CIVIL NO.** 22-1232 (JAG)                                                                                                   6

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, September 01, 2023.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
